IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUSTIN R. CRANFORD                                                      PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:04cv668LG-JMR

GEORGE H. PAYNE, JR., HEALTH
ASSURANCES LIMITED LIABILITY
COMPANY and RITA PARKER                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the following motions: 1) Motion for Summary Judgment of Health Assurances and Parker; 2) Supplemental Motion of Health Assurances and Parker for Summary Judgment; and 3) the Motion for Summary Judgment filed by George Payne, Jr., in which Health Assurances and Parker filed a Joinder.  The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Motions for Summary Judgment are well taken, and should be granted. Accordingly, Cranford's petition in the above-captioned action should be dismissed.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Justin Cranford ("Cranford"), was arrested on November 28, 2003, and was incarcerated in the Harrison County Adult Detention Center ("HCADC"), in Gulfport, Mississippi, until March 29, 2005.  The subject of this lawsuit regards an alleged denial of medical care to the plaintiff while he was housed at the HCADC.  Specifically, Cranford alleges that the defendants violated his constitutional rights by denying him his prescribed medication for Seroquel on certain dates in June, July, and August of 2004.  (*See* Complaint).

Health Assurances, LLC contracted with the HCADC in 2004 to provide medical services

for inmates.  Rita Parker is currently a nurse working for Health Assurances, LLC at the HCADC. (*See* Memorandum of Authorities in Support of Defendants Health Assurances Limited Liability Company's and Rita Parker's Motion for Summary Judgment).  George Payne, Jr. is the sheriff of Harrison County.

On March 12, 2004, Dr. David Struble, the psychiatrist treating Cranford at the time, wrote Cranford a prescription for daily doses of Seroquel. (*See* Physician's Progress Notes, attached to Health Assurances' and Rita Parker's Motion for Summary Judgment as Exhibit "C").  The medication administration records reflect that during the 217 days or six months that Cranford was prescribed Seroquel, he received his medication on 159 days. (   *See* Medication Administration Records, attached to Health Assurances' and Rita Parker's Motion for Summary Judgment as Exhibit "D").   On July 30, 2004, and August 1, 2004, Cranford filed grievance forms, wherein he complained of not receiving his prescription for Seroquel.  (*See* Inmate Request Forms, attached to Health Assurances' and Rita Parker's Motion for Summary Judgment as Exhibits "E" and "F").  The records show that upon the filing of these grievances, the nursing staff responded on August 2, 2004, by informing Cranford that Dr. Struble was aware of the situation.  According to the nursing staff, Cranford was understanding of the situation.  Cranford resumed taking Seroquel on August 11, 2004. (*See* Medication Administration Records, attached to Health Assurances' and Rita Parker's Motion for Summary Judgment as Exhibit "D").  On or about September 15, 2004, Dr. Compton, employed by the HCADC, discontinued Cranford's prescription for Seroquel and changed Cranford's medication to Elavil. ( *See* Medical Records, attached to Health Assurances' and Rita Parker's Motion for Summary Judgment as Exhibit "G").  This change was followed and confirmed by Dr. Struble.

## LAW AND ANALYSIS

*I. Standard of Review*

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97.  "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion.  *See Howard*, 783 F.2d at 1315.  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the non-movant must demonstrate the existence of a disputed issue

of material fact.  *See Anderson*, 477 U.S. at 247-48 (1986).  To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact.  *See Howard*, 783 F.2d at 1315.  That is to say, the non-moving party must go beyond the pleadings and by his or her own affidavit, or by the "depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial."  FED.R.CIV.P. 56(E); *Thomas v. Harris County*, 784 F.2d 648 (5th Cir. 1986).

## II. 42 U.S.C. § 1983

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights.  Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States.  *White v. Thomas*, 660 F. 2d 680,693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights.  Section 1983 was intended to protect rights that are secured by federal law.  *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

Claims against governmental agents or officers in their official capacities are essentially claims against the governmental entity itself.  *See Moore v. Carroll County*,  960 F.Supp. 1084, 1087 n.3 (N.D. Miss. 1997). The suit is against the office that the employee holds and not the actual employee. *See Brandon v. Holt*, 105 S.Ct. 873, 878, 469 U.S. 464, 471-72 (1985); *Kentucky v. Graham*, 105 S.Ct. 3099, 3104-05, 473 U.S. 159, 165 (1985); *Moore*, 960 F.Supp. at 1087 n.3.

Cranford's official capacity claims against Payne, Parker, and Health Assurances are in reality claims against the office of the Sheriff of Harrison County and the Harrison County Board

of Supervisors.  Since the Sheriff's Office and the Harrison County Board of Supervisors are local

governmental entities, the plaintiff must demonstrate that his claims are actionable under the

United States Supreme Court's jurisprudence regarding municipal liability.

A plaintiff must establish the existence of three elements to make a claim for section 1983

municipal liability: (1) the existence of a policy maker; (2) the existence of an official policy; and

(3) the violation of constitutional rights whose "moving force" is the policy or custom. *See Monell*

*v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), 98 S.Ct. 2018; *Piotrowski v. City of Houston*,

237 F.3d 567 (5th Cir.  2001), *cert. denied*, 122 S.Ct. 53 (2001).

There is no respondeat superior liability under 42 U.S.C. § 1983.  Therefore, before a

county or its officers in an official capacity can be found liable under § 1983, there must be a

policy, custom or practice that caused the deprivation of rights.  *Monell,* 98 S.Ct. 2018, 436 U.S.

658 (1978); *Piotrowski*, 273 F.3d 567 (5th Cir. 2001).

The Fifth Circuit stated in *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th

Cir. 1997):

> In order to hold a municipality or a local government unit liable under Section 1983
> for the misconduct of one of its employees, a plaintiff <u>must initially allege</u> that an
> <u>official policy or custom</u> "was a cause in fact of the deprivation of rights inflicted."
> *Leffall v. Dallas Indep. Sch. Dist.* 28 F.3d 521, 525 (5th Cir. 1994). To satisfy this
> cause in fact requirement, a plaintiff must allege that "the custom and policy served
> as the moving force behind the [constitutional] violation" at issue, *Meadowbriar
> Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996), <u>or</u> that her
> injuries resulted from the execution of the official policy or custom,  *Fraire v.
> Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). The description of a policy or
> custom and its relations to the underlying constitutional violation, moreover, cannot
> be conclusory; it must contain specific facts. *Id.* at 1278.

(Emphasis added).  "[A] plaintiff seeking to establish municipal liability on the theory that a

facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate

that the municipal action was taken with 'deliberate indifference' to its known or obvious consequences." *Piotrowski*, 237 F.3d at 579, n. 22 (quoting *Bd. Of Comm'rs of Bryan County*, 520 U.S. 397, 407, 117 S.Ct. 1382, 1390, citing *Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197 (1989)).

In *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996), the Court articulated the standard applicable to a pretrial detainee's claim of failure to provide medical care or safety/protection when what is challenged is an episodic act or omission:

> [T]he episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs.

*Hare*, 74 F.3d at 647-48.

Liability for failing to provide the constitutional right to medical care attaches if a pretrial detainee plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted. *Wagner v. Bay City, Texas*, 227 F.3d 316, (5th Cir. 2000). Mere negligence will not suffice, and deliberate indifference, that is, the subjective intent to cause harm, cannot be inferred from a failure to act reasonably. *Id.* (quoting *Hare v. City of Corinth,* 74 F.3d 633, 647-48 (5th Cir. 1996). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001)(quoting *Hare,* 74 F.3d at 645, 649). Rather, for individual liability to attach, "deliberate indifference" in the context of an episodic failure to provide reasonable medical care (and protection from harm) to a pretrial detainee means that: 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's

response indicates the official subjectively intended that harm occur. *Thompson*, 245 at 458-59. (citing *Hare*, 74 F.3d at 643, 649-50).  Furthermore,  "[n]egligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State." *Sibley v. Lemaire,* 184 F.3d 481, 489 (5th Cir. 1999).

Based on the record before the Court, the Plaintiff has failed to demonstrate that Payne, Parker, and Health Assurance acted with deliberate indifference to his needs.  It is Cranford's position that he suffered such a deprivation when Payne, Parker, and Health Assurances failed to provide him with medical care quickly enough and that he suffered because of it; however, this is an assertion without a basis.  Cranford's real complaint is not the denial of medical care, but instead it is his disagreement with the medical care provided.  The record supports the conclusion that Cranford received medical care and that his complaints were addressed in a timely fashion. Cranford does not allege in his Complaint that he incurred any injury as a result of not receiving his Seroquel. Therefore, the record reflects that policies were in place and were followed to allow Cranford to have access to medical personnel.

Additionally, Cranford's claim of improper medical treatment fails because even if he has a problem with the treatment that he received, this does not rise to the level of deliberate indifference.  *Estelle* v. *Gamble,* 429 U.S. 97, 107 (1976) (finding "a complaint that a physician has been negligent in [diagnosis or treatment] does not state a valid claim of [deliberate indifference because] . . . [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner .").  Cranford does not offer any evidence that Payne, Parker, and Health

-7-

Assurances acted with deliberate indifference towards him.[1]  Health Assurances attached to its motion the affidavit of Dr. Michael Reddix, a board certified internal medicinal specialist, which states that Cranford did not deviate or suffer any substantial harm or serious injury as a result of not receiving Seroquel on the dates he complains.  (*See* Affidavit of Michael Reddix, M.D., attached to Health Assurances' and Rita Parker's Motion for Summary Judgment as Exhibit "H").

Additionally, Dr. Struble opined that Cranford "experienced no profound psychiatric decompensation or serious injury as a result of not receiving Seroquel."  (*See* Affidavit of David Struble, M.D., attached to Health Assurances' and Rita Parker's Motion for Summary Judgment as Exhibit "I").  Cranford does not rebut these affidavits or offer contradictory evidence demonstrating that the Defendants acted pursuant to an unconstitutional policy or exhibited actions of deliberate indifference to a serious medical need.  Accordingly, Payne, Parker, and Health Assurances are entitled to summary judgment. [2]

Taking the facts as alleged by the plaintiff in his pleadings as true, all allegations are directed toward Payne in his official capacity.  However, even if this Court construed Cranford's complaint to be against Payne, individually, he is entitled to qualified immunity.

Qualified immunity is premised on the principle that government cannot operate efficiently if its employees and agents are subject to the cost and time of litigation.  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  The first step in determining the applicability of qualified immunity is whether the plaintiff has alleged the violation of a clearly established constitutional right[;] and, if that right

---

[1] The Court notes that Cranford failed to file responses to any of the dispositive motions filed by the defendants.

[2]

has been established, the Court must next determine whether the defendant's conduct was objectively reasonable. *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000). "Reasonableness" is assessed in light of the legal rules clearly established at the time of the incident. *Id.*

Based on the Court's analysis set forth above, it is clear that the plaintiff is alleging medical negligence, hardly a violation of clearly established constitutional right. Furthermore, based on the facts as presented by the plaintiff, Payne's conduct was objectively reasonable as assessed in light of the legal rules established at the time of this incident. Therefore, Payne is entitled to qualified immunity as to any perceived claims brought against him in his individual capacity.

## CONCLUSION

Based on the foregoing, this Court is of the opinion that Cranford has failed to demonstrate that Payne, Parker, and Health Assurances had or employed an unconstitutional policy and has failed to show that Payne, Parker, and Health Assurances acted with deliberate indifference; therefore, the plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim. Accordingly,

**IT IS ORDERED AND ADJUDGED** that the Motions for Summary Judgment filed by Health Assurances, Parker, and Payne [37-1, 50-1, 41-1] should be and are hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss filed December 8, 2004, [21-1] by defendants Health Assurances Limited Liability Company ("Health Assurances") and Rita Parker ("Parker") should be and is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [35-1] of Health Assurances and Parker to Dismiss should be and is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Cranford's petition in the above-captioned action should be and is hereby dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE